**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MEYER INVESTMENT COMPANY, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. CHARLES, MISSOURI, ) | Case No.: 21-cv-01009 |
| et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

In this case, Plaintiff Meyer Investment Company, Inc. ("Plaintiff") attempts to assert various claims related to the City's Zoning Code regulations for the Wellhead Protection District ("WHP District") in connection with Plaintiff's desire to operate a business for the storage of motor vehicles in the WHP District. *Both before and after* the City Council of the City of St. Charles, Missouri (the "City") amended the WHP District zoning ordinances in October 2020 to make temporary storage of motor vehicles, recreational vehicles, boats, and trailers a conditional use and to impose certain design standards on *all* conditional uses in the WHP District, Plaintiff *could not* legally operate its business in the WHP District. Nevertheless, Plaintiff asserts that it is aggrieved by the City's amendment to its Zoning Code.

In its First Amended Petition (the "Complaint"), Plaintiff attempts to assert six causes of action: (i) inverse condemnation (Count I, ¶¶ 50-59); (ii) equal protection, presumably under state law (Count II, ¶¶ 60-69); (iii) violation of substantive due process, presumably under state law (Count III, ¶¶ 70-81); (iv) violation of Missouri's Sunshine Law (Mo. Rev. Stat. § 610.027) (Count IV, ¶¶ 82-97); (v) violation of procedural due process, presumably under state law (Count V, ¶¶

98-110); (vi) a violation of 42 U.S.C. §1983 (including procedural due process, substantive due process, and equal protection) (Count VI, ¶¶ 111-138); and (vii) declaratory judgment (Count VII, ¶¶ 139-143).  Each of Plaintiff's claims is fatally flawed in a number of respects and as a consequence should be dismissed for the following reasons:

- Plaintiff has failed to state a claim for inverse condemnation;

- Plaintiff's constitutional claims should be dismissed because they fail to specify whether they are "facial" or "as applied" challenges;

- to the extent Plaintiff asserts "as applied" state or federal constitutional challenges, they must be dismissed because they are not ripe for review;

- to the extent Plaintiff asserts facial state or federal constitutional challenges, each of its equal protection, substantive due process, and procedural due process claims fail to state a claim;

- Plaintiff's state law constitutional claims fail to state a claim to the extent they request monetary damages;

- to the extent Plaintiff asserts a claim for declaratory judgment under Missouri law, the claim must be dismissed for lack of subject matter jurisdiction;

- to the extent Plaintiff asserts a claim for declaratory judgment under federal law, the claim should be dismissed as redundant;

- each of the Mayor and Council Member Defendants should be dismissed because claims against them are redundant of claims against the City; and

- Plaintiff's Sunshine Law claim should be dismissed because the Board of Public Works is not named as a defendant to this action.

Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## BACKGROUND

The WHP District, first established by ordinance in 1998, is an overlay zoning district located within an area of the City where it has a number of potable water wells for the purpose of supplying water to its water treatment plant, and then to the City's residents.  (*See* Cmplt. ¶ 44). The purpose of the WHP District is "to safeguard the health, safety and general welfare through

the protection of ground water used as a public water supply."  (*See* Cmplt. ¶ 41; Ex. 1, St. Charles City Code (the "Code") Sec. 400.320.A. [1]).

Plaintiff owns real property (the "Property") within the WHP District and alleges that sometime between 2009 and 2017, he did work to the Property, including grading, filling, and improving the land, eventually commencing use of the Property as an area for automobile, truck, boat, and trailer storage.  (*See* Cmplt. ¶¶ 14, 51).  Use of the Property for such storage in the WHP District was illegal.  Specifically, the WHP District regulations did not identify any type of vehicle storage as being a permitted or conditional use, and "any use not described" in the permitted and conditional use sections of the regulations is prohibited.  (*See* Ex. 1, Sec. 400.320.B.–D.; Ex. 2, Sec. 400.240.B.).  Plaintiff's use of the Property was further in violation of Section 400.700 of the Zoning Code, which requires all off-street parking facilities to be paved.  (*See* Cmplt. ¶¶ 14-15; Ex. 4, Sec. 400.700.A.).  In May of 2020, the City advised Plaintiff that its operation of a motor

---

[1] When considering a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).  It is appropriate for the court to take judicial notice of public records.  *Stahl*, 327 F.3d at 700.  This includes ordinances, as well as other city records such as council meeting minutes.  *See, e.g.*, *Alicia St. v. O'Toole*, No. 4:19 CV 2590 CDP, 2021 WL 677909, at *13 n.11 (E.D. Mo. Feb. 22, 2021) (taking judicial notice of ordinances); *Blair v. City of Hannibal*, No. 2:15CV00061 ERW, 2016 WL 7242156, at *1 n.1.  (E.D. Mo. Dec. 15, 2016) (same); *Moore U.S.A. Inc. v. Standard Register Co.*, 139 F.Supp.2d 348, 363 (W.D.N.Y. 2001) (matters of public record include statutes, case law, city charters, city ordinances, criminal case dispositions, letter decisions of government agencies, published reports, records of administrative agencies, or pleadings in another action); *Schubert v. City of Rye*, 775 F.Supp.2d 689, 696 n.3 (S.D.N.Y. 2011) (considering council meeting minutes as matter of public record).

The Court may also consider records that are "necessarily embraced by the pleadings."  *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).  This generally includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotations omitted).  It also includes "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), *abrogated in part*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Each of the documents attached hereto as exhibits are part of the public record and necessarily embraced by the Complaint.  Therefore, Defendants respectfully request that this Court take judicial notice of and consider these documents in considering Defendants' Motion to Dismiss.

vehicle storage lot was in violation of the Zoning Code.  (*See* Cmplt. ¶ 14).

On or about July 15, 2020, Plaintiff filed a "Zoning Text Amendment Application" (the "Zoning Application") and an "Application for Filing an Appeal to the Board of Adjustment" (the "Variance Application") with the City.  (*See* Cmplt. ¶¶ 15-16).  In its Zoning Application, Plaintiff requested that the Zoning Code be amended to make outdoor vehicle storage a conditional use in the WHP District.  (*See* Ex. 5, Zoning Application).  In its Variance Application, Plaintiff requested a variance from the paving requirements set forth in Zoning Code Section 400.700.A.  (*See* Ex. 6, Variance Application).

Thereafter, employees of the City Department of Community Development ("Staff") reviewed the Zoning Application and prepared a proposed bill (Bill 13154) which would amend the text of the WHP District regulations to add temporary storage of motor vehicles, recreational vehicles, boats, and trailers as a conditional use.  (*See* Cmplt. ¶ 17).  Staff, in further review of the Zoning Application, prepared a second proposed bill (Bill 13155) which, in addition to the language included in Bill 13154, added two design standards that would apply to conditional uses in the WHP District.  (*See* Cmplt. ¶ 21).  The standards included that: "a. All areas used for storage and/or parking shall be paved with an approved impervious surface.  b. Required pre-treatment of storm-water run-off as approved by the City" (the "Additional Conditions").  (*See id.*).  Staff also prepared a Staff Report.  (*See* Cmplt. ¶¶25, 93–94, Ex. 2, Staff Report).

Public hearings on both Bill 13154 and Bill 13155 were held before the Planning and Zoning Commission on September 28, 2020 and before the City Council on October 6, 2020.  (*See* Cmplt. ¶¶ 27-29; Ex. 7, Planning and Zoning Commission – Minutes); Ex. 8, Record of the Council of the City of Saint Charles, Missouri for October 6, 2020 at pp. 2, 9).  Ultimately, and following approval by the Planning and Zoning Commission, Bill 13155 was approved by the City Council

on October 20, 2020.  (*See* Cmplt. ¶¶27–33, 87; Ex. 9, Record of the Council of the City of Saint Charles, Missouri for October 6, 2020 at pp. 2, 9).  Accordingly, the WHP District regulations were amended to allow, for the first time, the temporary storage of motor vehicles as a conditional use and included the Additional Conditions as requirements for all conditional uses in the WHP District.  (*See* Cmplt. ¶¶ 31-33).

## STANDARDS

"A motion to dismiss for lack of subject matter jurisdiction is authorized by Rule 12(b)(1) of the Federal Rules of Civil Procedure."  *Safeco Ins. Co. of Illinois v. Witt*, No. 4:16-CV-1872 (CEJ), 2017 WL 769905, at *1 (E.D. Mo. Feb. 28, 2017).  "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

"The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Davis v. Dunham's Athleisure Corp.*, No. 1:16CV271, 2017 WL 1329475, at *1 (E.D. Mo. Apr. 11, 2017); *see also Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is *plausible on its face*," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added), and must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  When it is clear from the complaint that there is some insuperable bar to relief, a court should grant a Rule 12(b)(6) motion.  *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000).

# ARGUMENT

I.    **Plaintiff Cannot State a Claim for Inverse Condemnation under Missouri Law and Therefore Count I of the Complaint should be Dismissed**.

"In order to state a claim for inverse condemnation, [a party] must have alleged that their property was taken or damaged by the state for public use without just compensation." *Watson v. City of St. Louis*, 956 S.W.2d 920, 922 (Mo. Ct. App. 1997).  While a plaintiff does not need to allege an actual physical taking, it must plead "an invasion of a valuable property right and consequential damage." *Id*.  In this case, Plaintiff's allegations fail to establish that a valuable property right was taken or, if it was, that it was for public use.

### a.    *Plaintiff cannot demonstrate the taking of a "valuable property right."*

A "recognized, protected property interest is a prerequisite to maintaining a claim for inverse condemnation." *Bhakta v. City of Bridgeton*, No. 4:19 CV 1379 DDN, 2021 WL 2554210, at *5 (E.D. Mo. June 22, 2021).  As the Eighth Circuit has explained, "even if a regulation denies a landowner all economically productive use of the land, there is no compensable taking unless the landowner's 'bundle of rights' previously included the right to engage in the restricted activity." *Outdoor Graphics, Inc. v. City of Burlington, Iowa*, 103 F.3d 690, 694 (8th Cir. 1996). A plaintiff "cannot base a taking claim upon an interest he never owned." *See Gazza v. New York State Dep't of Env't Conservation*, 89 N.Y.2d 603, 615 (N.Y. 1997).

In this case, Plaintiff seems to claim that that the City's amendment to the WHP District regulations violates its "property rights" because it "permanently takes and damages Plaintiff's *current* economically beneficial and productive use of the land . . . [and] interferes with the Plaintiff's distinct, *current* and capital-investment intensive use of the Property." (Cmplt. ¶ 55 (emphasis added)).   However, Plaintiff is currently operating a vehicle storage business on the

Property illegally, was doing so before Bill 13155 was passed,[2] and was further in violation of the Zoning Code because its parking facilities were not paved.  (*See* Cmplt. ¶¶ 14-15; <u>Ex. 1</u>, Sec. 400.320.B.–C; <u>Ex. 4</u>, Sec. 400.700.A.).  Thus, by passing Bill 13155, the City did not effect a taking of any right Plaintiff previously had because it never had a right to operate a vehicle storage facility on the Property in the first instance.  Accordingly, Plaintiff cannot demonstrate that it had a property right which was taken and therefore, cannot maintain a claim for inverse condemnation as a matter of law and the clam must be dismissed.  *See Bhakta*, 2021 WL 2554210, at \*5.

### b.   *Plaintiff cannot demonstrate that there was a taking for "public use."*

"It has long been settled in this state that the valid exercise of the police power is *not* a taking of private property for public use."  *City of Kansas City v. Tayler*, 689 S.W.2d 645, 646–47 (Mo. Ct. App. 1985) (emphasis added) (citing *State ex rel. Doniphan Tel. Co. v. Pub. Serv. Comm'n*, 369 S.W.2d 572, 575 (Mo. 1963)); *see also Glenn v. City of Grant City*, 69 S.W.3d 126, 131–32 (Mo. Ct. App. 2002) ("An appropriate exercise of a municipality's police power does not offend the constitution even though such actions may interfere with an individual's rights.").  The Missouri Supreme Court explained:

> It has been definitely and clearly established and settled . . . that a statute, or a municipal ordinance, which is fairly referable to the police power of the State or municipality, and which discloses upon its face . . .  to have been enacted for the protection, and in furtherance, of the peace, comfort, safety, health, morality, and general welfare of the inhabitants of the State or municipality, does not contravene or infringe the . . . state and federal Constitutions . . . . and cannot be held invalid as wrongfully depriving the appellants of any right or privilege guaranteed by the Constitution, state or federal; the reason and basis underlying such decisions being that the personal and property rights of the individual are subservient and subordinate to the general welfare of society, and of the community at large, and that a statute or ordinance which is fairly referable to the police power has for its object the "greatest good of the greatest number."

---

[2] Plaintiff could now apply for a conditional use permit if it meets the Additional Conditions set forth in the WHP District regulations (a paved lot and pre-treatment of storm-water run-off), but it has failed to do so.

*State ex rel. City of Macon v. Belt*, 561 S.W.2d 117, 118 (Mo. 1978) (quoting *Bellerive Inv. Co. v. Kansas City*, 13 S.W.2d 628, 634 (Mo. 1929)). "The test of whether an ordinance is fairly referable to a legitimate exercise of police power is whether the expressed requirements of the ordinance have a substantial and rational relationship to the health, safety, peace, comfort and general welfare of the inhabitants of a municipality." *Schnuck Markets, Inc. v. City of Bridgeton*, 895 S.W.2d 163, 166 (Mo. Ct. App. 1995). "If reasonable minds might differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance." *Bezayiff v. City of St. Louis,* 963 S.W.2d 225, 229 (Mo. Ct. App. 1997).

In this case, the express purpose of the WHP District regulations is "to safeguard the public health, safety and general welfare through the protection of ground water used as a public water supply." (*See* Ex. 1, Sec. 400.320.A.). Thus, the passage of the WHP District regulations, including the amendment effected by Bill 13155, was a legitimate exercise of the City's police power and is not, as a matter of law, a taking of private property for a public use.

Accordingly, Plaintiff has failed to state a claim for inverse condemnation under Missouri law and Count I of the Complaint should be dismissed with prejudice.

## II.   Plaintiff's State Constitutional Claims (Count II, Count III, and Count V) and Federal Constitutional Claims (Count VI) Should be Dismissed.

### a.   *Plaintiff has failed to specify whether its claims are "as-applied" versus "facial" constitutional challenges and therefore should be dismissed.*

As an initial matter, in Counts II, III, and V, Plaintiff purports to assert state constitutional claims under the Missouri Constitution and in Count VI, federal constitutional claims pursuant to 42 U.S.C. § 1983. However, Plaintiff does not specify whether these claims are meant to be "facial" or "as-applied" constitutional challenges.

8

When a plaintiff makes a "facial" challenge, it argues that any application of the ordinance is unconstitutional. *WMX Technologies, Inc. v. Gasconade Cnty., Mo.*, 105 F.3d 1195, 1199 (8th Cir. 1997). To prevail on such a claim, a challenger must show that there is no set of circumstances under which the law would be valid. *See Bucklew v. Precythe,* 139 S.Ct. 1112, 1127 (2019*)*; *Calzone v. Hawley*, 866 F.3d 866, 870 (8th Cir. 2017); *State v. Johnson*, 524 S.W.3d 505, 511 (Mo. banc 2017). Because a successful challenge renders the law invalid, "[f]acial challenges are disfavored." *Brakebill v. Jaeger,* 932 F.3d 671, 677 (8th Cir. 2019).

When making an "as applied" challenge, the plaintiff attacks only the manner in which the law was applied to its property, not the ordinance in general. As-applied challenges are inherently narrow, as they inure when a law's application violates an individual's constitutional rights under the circumstances presented. *See United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019). The resulting remedy is likewise narrow, preventing enforcement of the law to the extent necessary to protect the particular challenger's rights but no further. *See Brakebill*, 932 F.3d at 678. Put differently, an as-applied challenge cannot invalidate a law wholesale. *See id.*

A plaintiff must "specify whether the challenge is facial or as-applied and name the specific provisions of each ordinance being challenged." *Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale, Fla.*, No. 19-CV-60007, 2019 WL 1469667, at *3 (S.D. Fla. Apr. 3, 2019) ("If Plaintiffs are challenging those ordinances, they must specify whether each challenge is facial or as-applied and name the specific provisions of each ordinance being challenged."). Here, Plaintiff failed to provide such specificity and, therefore, Plaintiff's constitutional claims should be dismissed.

      **b.** ***To the extent plaintiff asserts "as-applied" constitutional challenges, its claims must be dismissed because they are not ripe for review.***

In order to establish that a claim is ripe for judicial review, a plaintiff must demonstrate

"(1) the facts necessary to adjudicate the underlying claims are fully developed and (2) the law at issue affects the plaintiff in a manner that gives rise to an immediate, concrete dispute." *Alpert v. State*, 543 S.W.3d 589, 593 (Mo. 2018) (internal quotations and alterations omitted); *see also Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (a general ripeness inquiry looks to "whether the harm asserted has matured enough to warrant judicial intervention"); *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000) ("[T]he ripeness inquiry requires examination of both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.") (internal quotations omitted).  The concept of ripeness is particularly important in cases challenging land use regulations.  *Christopher Lake Development Co. v. St. Louis Cnty.*, 35 F.3d 1269, 1272–73 (8th Cir. 1994).

In order for "as applied" due process and equal protection claims to be ripe, "the particular zoning decision being challenged must be finally applied to the property at issue."  *Id*. at 1273; *see also Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159 (3rd Cir. 2006); *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (9th Cir. 1990); *Bannum, Inc. v. City of St. Charles, Mo.*, No. 90-0667-C(4), 1992 WL 521779, at *5 (E.D. Mo. Oct. 15, 1992).

Although the WHP District regulations were amended as a result of the passage of Bill 13155, which, by adding the storage of motor vehicles as a conditional use has actually expanded the potential legal uses of Plaintiff's Property, Plaintiff has yet to even apply for a conditional use permit. Therefore, the City has not yet applied the Code, as amended, including the Additional Conditions, to Plaintiff's proposed use.  To the extent Plaintiff argues that its constitutional claims are as-applied, they are not ripe and should be dismissed.

      **c.  *To the extent Plaintiff asserts facial claims for violation of the state and federal Equal Protection clauses, they should be dismissed for failure to state a claim.***

The test to determine whether a zoning ordinance violates equal protection under the

Missouri or U.S. Constitution consists of a two-step analysis. First, the Court must determine whether the plaintiff has demonstrated that it was treated differently than others who are similarly situated. *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959–60 (8th Cir. 2019); *Dodson v. Ferrara*, 491 S.W.3d 542, 559 (Mo. 2016), *as modified* (May 24, 2016). Second, and only if this threshold showing is met, the Court applies the rational-basis test. *Koscielski v. City of Minneapolis*, 435 F.3d 898 (8th Cir. 2006); *State ex rel. Gilley v. Cnty. Commission of Franklin County*, 611 S.W.3d 569 (Mo. Ct. App. 2020).

### i. <u>Plaintiff has failed to make a showing it is being treated differently than those similarly situated.</u>

The threshold inquiry requires a showing that a plaintiff is "similarly situated to another group for purposes of the challenged government action." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Because the similarly situated inquiry depends on what government action the plaintiffs are challenging, the Court is required to first precisely define the plaintiffs' claim. *Id*.

Here, Plaintiff alleges the City is treating it differently from other businesses in the WHP District because "[c]urrent permitted uses which are not subject to the design requirements of the WHP pose similar or greater danger to the Wellhead than that of Plaintiff's Property." (*See* Cmplt. ¶ 66). Plaintiff also asserts that "[o]ther economic uses by property owners within the WHP have equal or greater danger of their use causing toxins to pollute the soil, but their economic uses are not classified so as to require pavement of an impervious surface." (*See* Cmplt. ¶ 129). Thus, what Plaintiff seems to be alleging is that there are certain permitted uses in the WHP District that are causing pollution of the ground and Plaintiff is being treated differently than those uses because all conditional uses are required to meet the Additional Conditions (paving areas used for parking and storage and pretreating storm-water runoff) before a conditional use permit will be granted.

However, this conclusory pleading is insufficient to withstand a motion to dismiss because

Plaintiff has failed to identify those other uses that cause pollution, how they are similar to Plaintiff, and how Plaintiff was treated differently from them.  *See, e.g.*, *Munt v. Larson*, No. 15-CV-582 (SRN/SER), 2017 WL 6812604, at *13–14 (D. Minn. June 5, 2017), *subsequently aff'd*, 740 F. App'x 108 (8th Cir. 2018) (dismissing equal protection claim because the plaintiff failed to plead sufficient facts to establish disparate treatment).  Moreover, the Zoning Code already requires *all* off-street parking facilities in the City to be paved, regardless of use, so Plaintiff cannot allege disparate treatment based on the requirement that its parking lots be paved.  (*See* Cmplt. ¶¶ 14-15; <u>Ex. 4</u>, Sec. 400.700.A.).  For these reasons, Plaintiff's equal protection claims must be dismissed.

### ii.  <u>Plaintiff has also failed to make a showing that the City did not have a rational basis for imposing the Additional Conditions.</u>

When applying a rational-basis test, the Court presumes that a statute or ordinance has a rational basis, and the party challenging the statute must overcome this presumption by a "clear showing of arbitrariness and irrationality." *Bannum, Inc. v. City of St. Charles, Mo.*, 2 F.3d 267, 270 (8th Cir. 1993); *see also Perrin*, 933 F.3d at 960 ("The plaintiff must show that the connection between the classification and the asserted interest is arbitrary or irrational."); *State ex rel. Gilley*, 611 S.W.3d at 577–78 ("[t]he issue is not whether the reviewing court perceives the challenged law as wise or desirable. The issue is whether the challenger has demonstrated that the law is completely irrational."); *Labrayere v. Bohr Farms, LLC,* 458 S.W.3d 319, 332 (Mo. banc 2015) (landowners did not establish that the statute was completely irrational and unrelated to advancing a legitimate state interest); *Cent. Airlines, Inc. v. United States*, 138 F.3d 333, 335 (8th Cir.1998) (explaining that even if there is a distinction, "[u]nequal application of the regulations in question . . . does not violate equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.") (internal quotations omitted).  It is appropriate to conduct this test at the motion to dismiss stage, as the Eighth Circuit has explained:

> [A] court must reject an equal protection challenge to a statutory classification "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. Indeed, "a legislative choice . . . may be based on rational speculation unsupported by evidence or empirical data. Thus, because all that must be shown is any reasonably conceivable state of facts that could provide a rational basis for the classification, it is not necessary to wait for further factual development. In other words, a district court may conduct a rational basis review on a motion to dismiss.

*Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004) (citations omitted). *See also Grove Assisted Living, LLC v. City of Frontenac, Missouri*, No. 4:16-CV-1783 HEA, 2018 WL 3093520, at *2 (E.D. Mo. June 22, 2018) ("the law is well settled in the Eighth Circuit that district courts may conduct rational basis review at the motion to dismiss stage. . ."). Additionally, "[a] rational basis that survives equal protection scrutiny also satisfies substantive due process analysis." *DeCrow v. N. Dakota Workforce Safety & Ins. Fund*, 864 F.3d 989, 992 (8th Cir. 2017).

In the instant case, Plaintiff cannot, as a matter of law, show that the Additional Conditions contained in Bill 13155 are "completely irrational" or that the City intentionally or purposefully discriminated against Plaintiff, as the express purpose of the WHP District is "to safeguard the public health, safety and general welfare through the protection of ground water used as a public water supply" and the Additional Conditions apply to all conditional uses in the WHP District, including the new conditional uses added by the passage of Bill 13155. (*See* Ex. 1, Sec. 400.320.A.). It is reasonably conceivable that requiring all areas used for storage and parking to be paved and requiring pre-treatment of storm-water runoff in the WHP District serves to protect the City's groundwater. Therefore, there was a rational basis for the City to impose the Additional Conditions in the WHP District.

Accordingly, Plaintiff has failed to state a claim for violation of equal protection and both Count II and the equal protection claim in Count V should be dismissed with prejudice.

**d.** ***Plaintiff likewise fails to state a claim for substantive and procedural due process (Count III, Count V, and Count VI).***

**i.** <u>**Each of Plaintiff's due process claims must be dismissed because Plaintiff failed to allege a protected property interest.**</u>

In analyzing a claim for violation of either procedural or substantive due process rights under both the Missouri Constitution and Fourteenth Amendment, a court must first consider whether the claimant has a protected property interest. *Snaza v. City of Saint Paul, Minn.*, 548 F.3d 1178, 1182–83 (8th Cir. 2008) (finding plaintiff failed to identify a protected property to which due process protection applies); *Ellis v. City of Yankton, S.D.*, 69 F.3d 915, 917 (8th Cir. 1995); *Jamison v. State, Dept. of Social Services, Div. of Family Services*, 218 S.W.3d 399, 406 (Mo. banc 2007). "To have a constitutionally cognizable property interest in a right or a benefit, a person must have 'a legitimate claim of entitlement to it.'" *McGuire v. Indep. Sch. Dist. No. 833*, 863 F.3d 1030, 1034 (8th Cir. 2017). Moreover, "[p]roperty interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...'" *Id.*

Here, Plaintiff has failed to plead what protected property interest has been infringed upon in its Complaint. As stated previously, even before passage of Bill 13155 (including the Additional Conditions), Plaintiff had no right to operate a storage facility in the WHP District, or even the ability to seek approval to do so. Accordingly, Plaintiff has failed to establish the first element of its due process claims and Count III, Count V and Count VI should be dismissed for failure to state a claim.

**ii.** <u>**Plaintiff cannot demonstrate that the impervious surface requirement contained in Bill 13155 is "truly irrational" and therefore has failed to state a claim for substantive due process.**</u>

In order to assert a claim for violation of substantive due process, the plaintiff must assert

(1) that it has been deprived of a protected property interest to which the constitution's due process protection applies and (2) that the government action complained of is "truly irrational." *See Duffner v. City of St. Peters*, 482 S.W.3d 811, 815, 822 (Mo. Ct. App. 2016) (holding plaintiff's substantive due process claim under 42 U.S.C. § 1983 "failed to adequately allege conduct on the part of the City that was 'truly irrational'"); *Grove Assisted Living, LLC*, 2018 WL 3093520, at *4 (same) (citing *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). To meet the "truly irrational" requirement, "the plaintiff must allege something more than that the government decision was arbitrary, capricious, or in violation of state law." *Martin v. City of Brentwood, Mo.*, 200 F.3d 1205, 1206 (8th Cir. 2000); *see also Peer v. Missouri Bd. of Pharmacy*, 453 S.W.3d 798, 811 (Mo. Ct. App. 2014) (finding no substantive due process violation under Due Process Clauses of the United States Constitution or article I, sections 2 or 10 of the Missouri Constitution). The Plaintiff must establish that "no set of circumstances exists under which [the challenged law] would be valid." *Karsjens v. Piper*, 845 F.3d 394, 409 (8th Cir. 2017). The Eighth Circuit applies this "very restrictive view as to when state and local land use planning, zoning, and licenses decisions violate an aggrieved party's . . . right to substantive due process" (*Martin*, 200 F.3d at 1206), as "the theory of substantive due process is properly reserved for truly egregious and extraordinary cases...." *Chesterfield Dev. Corp.*, 963 F.2d at 1105.

In this case, Plaintiff has failed to plead both elements of the claim. First, as discussed above, Plaintiff has failed to plead any protected property interest. Second, Plaintiff alleges that "[t]he requirement of an impervious concrete surface imposed by the design requirements of Bill 13155 for any storage use in the WHP is arbitrary and irrational." (Cmplt. ¶ 128). As discussed in the context of equal protection, the City had a clear, rational basis for requiring an impervious surface for parking and storage—to protect the drinking water of the community. (*See* Cmplt. ¶

21; Ex. 1, Sec. 400.320.A. (purpose of the WHP District is "to safeguard the health, safety and general welfare through the protection of ground water used as a public water supply.")). Moreover, the Plaintiff has not challenged Section 400.700.A. of the Zoning Code, which also separately requires that all off-street parking facilities be paved, implicitly conceding that such a requirement is rational. (*See* Cmplt. ¶¶15-16; Ex. 4, Sec. 400.700.A.). In short, Plaintiff has not, and cannot show, the City acted truly irrationally in approving Bill 1355 and requiring all areas used for parking or storage to be paved with an approved impervious surface in the WHP District. Likewise, Plaintiff cannot, as a matter of law, demonstrate that no set of circumstances exists under which the ordinance would be valid. *See Grove Assisted Living, LLC*, 2018 WL 3093520, at *5 (finding rational basis for City's denial of application to rezone and dismissing substantive due process claim).

Accordingly, Plaintiff's substantive due process claims in Count III and Count VI should be dismissed, with prejudice.

### iii.  **Plaintiff has failed to state a claim for procedural due process.**

To establish a procedural due process violation, Plaintiff must establish that its "protected liberty or property interest is at stake" and that the City deprived it of that interest "without due process of law." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011) (citations omitted). "Due process is a flexible concept, requiring only 'such procedural protections as the particular situation demands.'" *Id*. (quoting *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). In the zoning context, assuming a landowner has a protectable property interest, procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard. *Pietsch v. Ward Cnty.*, 991 F.3d 907, 910 (8th Cir. 2021); *Anderson v. Douglas Cnty.*, 4 F.3d 574, 578 (8th Cir. 1993). *See also Jamison v. State, Dep't of*

*Soc. Servs., Div. of Fam. Servs.*, 218 S.W.3d 399, 405 n.7 (Mo. 2007) ("Missouri's due process provision parallels its federal counterpart, and in the past this Court has treated the state and federal due process clauses as equivalent.").

As set forth herein, Plaintiff has failed to satisfy the first step of the analysis—that it has a constitutionally protected property interest.  In addition, Plaintiff admits that it had notice and an opportunity to be heard before Bill 13155 was passed into law.  Section 400.1010 of the City's Zoning Code provides that "[a]n amendment, change, modification or supplement to . . . the regulations shall require a public hearing, and action before the Planning and Zoning Commission and the City Council."  (*See* Ex. 10, Sec. 400.1010). Here, Plaintiff received notice of and spoke at both the Planning and Zoning Commission public hearing on September 28, 2020 and the City Council public hearing held on October 6, 2020. (*See* Cmplt. ¶¶ 27-29; Ex. 7, Planning and Zoning Commission – Minutes; Ex. 8, Record of the Council of the City of Saint Charles, Missouri for October 6, 2020 at pp. 2, 9).  Although Plaintiff claims it is unfair that the Board of Public Works reviewed Plaintiff's text amendment application in a closed session on August 24, 2020, such a claim is irrelevant because the Board of Public Works simply made recommendations to the Planning and Zoning Commission (*see* Cmplt. ¶ 19) and Bill 13154 and Bill 13155 received fulsome (and required) public hearings before both the Planning and Zoning Commission and the City Council.  Accordingly, Plaintiff cannot show the City violated its procedural due process rights.

**e.  *Plaintiff's state law constitutional claims (Counts II, III and V) additionally fail to state a claim under the Missouri Constitution to the extent they seek damages.***

In Counts II, III, and Count V of Plaintiff's Complaint, Plaintiff seeks, among other relief, monetary damages, asking that the Court award it either the lost economic value of the Property or an amount equal to the cost of impervious concrete pavement for the Property in excess of $2

million dollars.  (*See* Cmplt. Wherefore clauses following ¶¶ 69, 81, 110 at subsection D.).  Claims

for monetary damages are not cognizable under the Missouri Constitution, as Missouri has not

enacted an enabling statute that gives citizens a private right of action for damages.  *Grove Assisted*

*Living, LLC*, 2018 WL 3093520, at *2 ("… allegations concerning the Missouri Constitution fail

to state a claim upon which relief may be granted"); *see also Moody v. Hicks*, 956 S.W.2d 398,

402 (Mo. Ct. App. 1997) ("no Missouri precedent exists permitting suits for monetary damages by

private individuals resulting from violations of the Missouri Constitution").  Accordingly, these

claims should be dismissed for failure to state a claim upon which relief may be granted.

## III.    The Court Should Dismiss Plaintiff's Claim for Declaratory Judgment (Count VII) for Failure to State a Claim.

Plaintiff purports to assert a claim for declaratory judgment in Count VII of the Complaint

but does not cite any state[3] or federal statute or rule under which the claim is brought.  Accordingly,

though this case was removed from state court, it must be treated as invoking the federal

Declaratory Judgment Act.  *See Johnson v. Experian Mktg. Sols., Inc.*, No. 8:15-CV-0125, 2015

WL 3407855, at *1 n.2 (D. Neb. May 27, 2015); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins.*

*Co.,* 736 F.3d 255, 261 n.3 (4th Cir. 2013); *People v. Archer Daniels Midland Co.,* 704 F.2d 935,

939 (7th Cir. 1983).

In order to seek declaratory judgment under federal law, a plaintiff must present:

(1) a justiciable controversy that presents a real, substantial, presently-existing

controversy admitting of specific relief, as distinguished from an advisory decree

upon a purely hypothetical situation; (2) a legally protectable interest at stake,

---

[3] To the extent Plaintiff asserts its claim is brought under the Missouri Declaratory Judgment Act, it must be dismissed because this Court lacks subject-matter jurisdiction to hear the claim.  *Dye v. Kinkade*, No. 2:15-CV-04021-MDH, 2015 WL 7313424, at *7 (W.D. Mo. Nov. 19, 2015); *Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc.*, No. 08-04045-CV-C-NKL, 2008 WL 2787727, at *3 (W.D. Mo. July 15, 2008).

consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Stirling v. Ramsey*, No. 4:17CV1206 RLW, 2018 WL 3489592, at \*4 (E.D. Mo. July 19, 2018) (internal quotations and citations omitted). A plaintiff's requested declaratory relief must involve "an adjudication of present right upon established facts." *Frost v. Sioux City, Iowa,* 920 F.3d 1158, 1161–62 (8th Cir. 2019). "The Declaratory Judgment Act does not create a cause of action without an underlying claim." *Pickrell v. Sorin Grp. USA, Inc.*, 293 F. Supp. 3d 865, 869 (S.D. Iowa 2018).

As discussed herein, Plaintiff has failed to allege any facts to demonstrate that it has any present right or legally protectable interest which has been infringed upon by Defendants. Nor has it successfully plead any other cognizable claim. Accordingly, Plaintiff cannot establish that it is entitled to declaratory relief. *See Davis v. Seterus, Inc*., No. 5:16-CV-933-DAE, 2016 WL 6242368, at \*3 (W.D. Tex. Oct. 25, 2016).

Even if Plaintiff did otherwise state a claim, this Court should exercise its discretion to dismiss Count VII, as it is redundant of Plaintiff's other claims since it seeks no relief distinct from that sought in Counts I-VI of the Complaint. *See, e.g.*, *VienPhuong Ti Ho v. City of Long Beach*, No. 2:19-CV-09430, 2020 WL 8617674, at \*27 (C.D. Cal. Nov. 10, 2020), *report and recommendation adopted sub nom. Ho v. City of Long Beach, Pub. Works*, No. 2:19-CV-09430, 2020 WL 8608522 (C.D. Cal. Nov. 10, 2020); *In re Trevino*, 615 B.R. 108, 144 (Bankr. S.D. Tex. 2020); *Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443–44 (S.D.N.Y. 2016). Plaintiff's claim for declaratory judgment should therefore be dismissed.

IV.   **Plaintiff's Claims Against the Mayor and Each of the Council Members Should be Dismissed because they are Redundant of Plaintiff's Claims against the City.**

The Mayor and each of the members of the St. Charles City Council were joined as defendants in this action in their official capacities.  "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). As such, "[t]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.*  Plaintiff's claims against the Mayor and City Council are thus redundant of its claims against the City and each of them should be dismissed.  *See, e.g.*, *Baker v. Chisom*, 501 F.3d at 924; *Johnson v. City of Leadington*, No. 4:19-CV-02282-SEP, 2020 WL 6117944, at *9 (E.D. Mo. Oct. 16, 2020); *Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 899 (E.D. Mo. 2017).

V.   **Plaintiff's Sunshine Law claim (Count IV) under Mo. Rev. Stat. § 610.027 Should be Dismissed because the Board of Public Works is Not Named as a Defendant**.

Count IV of Plaintiff's Complaint attempts to assert a claim for violation of the Missouri Sunshine Law, alleging that the City's Board of Public Works failed to comply with the law by going into closed session without a proper purpose and without following the procedures set forth in Mo. Rev. Stat. § 610.022.  (*See* Cmplt. ¶ 92).  The Sunshine Law provides that remedies are available against a "public governmental body," yet the body whose behavior Plaintiff complains of is not named as a defendant in this lawsuit and is not before this Court.  Count IV should therefore be dismissed.

**CONCLUSION**

For the reasons set forth herein, this Court should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**LEWIS RICE LLC**

DATED: August 31, 2021          By:     /s/ Robert J. Golterman
                                        Neal F. Perryman #43057MO
                                        Robert J. Golterman #37021MO
                                        Jacqueline K. Graves #64875MO
                                        600 Washington Avenue, Suite 2500
                                        St. Louis, Missouri 63101
                                        Telephone:  (314) 444-7661
                                        Facsimile:  (314) 612-7661
                                        nperryman@lewisrice.com
                                        rgolterman@lewisrice.com
                                        jgraves@lewisrice.com

                                        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via the Court's electronic filing system on this 31st day of August, 2021 to:

Heather Bub
John Bradford Goss
Ryan Prisock
SmithAmundsen LLC
120 South Central Avenue, Suite 700
Clayton, MO 63105
hbub@salawus.com
bgoss@salawus.com
rprisock@salawus.com

*Attorneys for Plaintiff*

                                        /s/ Robert J. Golterman