

AGENDA ITEMS #4

STAFF REPORT
CASE NO. TA-2020-11
WHP WELLHEAD PROTECTION
DISTRICT - TEXT AMENDMENT

SEPTEMBER 28th, 2020
BY JOHN BOYER

*APPLICANT:*    Greg Meyer
Meyer Investment Company, Inc.
3910 Elm Point Road
St. Charles, MO 1440

*REQUEST:*    An application to amend Chapter 400 of the Code of Ordinances by amending §400.320 WHP Wellhead Protection District, specifically to add outdoor storage as an available conditional use.

## *SUMMARY/STAFF ANALYSIS*

The applicant has submitted a request to amend the WHP Wellhead Protection District in order to allow outdoor storage as a primary land use. Currently, the WHP district does not permit this land use (permitted or as a conditional use). The attached proposed text amendment is the applicant's proposal which would allow the land use via a conditional use subject to public hearing and site plan review. In addition the applicant's proposal and counter text amendment is also provided as drafted by Staff, which is further described in the below analysis. In addition to review by the Planning and Zoning Commission, this request was also reviewed by the Public Works Board on August 24th, 2020 for a recommendation to City Council.

History of the WHP District
The WHP Wellhead Protection District was enacted in May 1998 to safeguard the public health, safety and general welfare through the protection of groundwater used as a public water supply. This ordinance established district boundaries and restrictions (land use and development standards) based upon a Wellhead Protection Program study from 1995 by CH2M Hill (attached for reference). The land uses permitted, as well as those prohibited, were done so due to the study's findings. The original boundary of the district was defined specifically to protect the 10 year time of travel of the recharge area of the wellheads. The 10 year time of travel recharge area is a geographical area which provides the recharge (replenishment of underground water) to an aquifer(s) which is a current potable water source (City's drinking water) and due to its geological properties, is highly susceptible to the introduction of pollutants.

This district was then later updated in February 2010 to expand the boundaries of the overlay district to their current limits (see below Figure 1 on page 2 for the original and existing boundaries). This boundary was expanded based upon a recommendation from the Missouri Department of Natural Resources (MoDNR) that the boundary be fixed by a 1-mile radius.

Exhibit 2

*TA-2020-11* *Page 2*
*WHP Overlay Text Amendment*



**Figure 1: Original and Expanded Boundaries of the WHP District**

Case: 4:21-cv-01009-AGF   Doc. #: 17-2   Filed: 08/31/21   Page: 3 of 5 PageID #: 197

TA-2020-11                                                                                                  Page 3
WHP Overlay Text Amendment

History of Request

This amendment was spurred by staff identifying a violation of the WHP Overlay District (in addition to other violations of City Code). The applicant initiated the grading/improvements of a property with the intent to provide outdoor storage as a primary use located south of Cole Creek and west of Huster Road without proper approvals. Additionally, the land use is not permitted by the WHP District. The property via the underlying zoning of I-1 Light Industrial would permit a conditional use to be applied for; however, the WHP District specifically supersedes the underlying district land uses due to the sensitivity of the area. The applicant would like to proceed with this use and staff advised the only way to permit would be via a text amendment to the WHP District. While the proposed amendment would permit the applicant an avenue for approval of the outdoor storage land use, this would also invite other such requests within the WHP Overlay District boundaries.

Analysis of the Request

As proposed, the applicant wishes to update the existing language to include the following land use for conditional use review:

> "Temporary storage of new and used motor vehicles, recreational vehicles, boats, and trailers if permitted as a conditional use in the underlying zoning district. All stored vehicles, boats, and trailers must be in operable condition."

If approved, the land use would be subject to the a public hearing before the Planning and Zoning Commission and City Council, site plan review via the Planning and Zoning Commission and review by the Department of Engineering via Improvement Plans (grading, stormwater control, etc.). Additionally, the use would be subject to the specific Design Standards of the WHP (Subsection F of Section 400.320).

Staff is concerned with the addition of this land use to be available within the WHP District boundaries as submitted. While this would certainly solve the applicant's issue, it would also allow a process for other new storage facilities or existing non-conforming uses to expand in the district which could potentially become a contaminate of the underground water supply the City and its residents rely upon. Upon the creation of the District, land uses were analyzed and prohibited based upon the ability to contaminate this water source. Adding a primary storage land use which was not permitted upon the districts formation or when updated in 2010 would go against the intent of the district itself which is to protect the City's current and future groundwater supply. The reason staff is concerned with the introduction of this land use is that this use could introduce vehicles and/or equipment which could leak contaminants harming this underground water source.

The Wellhead Protection District allows other uses such as production, use, handling or storage of any hazardous substance or liquid petroleum product, fleet maintenance repair and service facilities including, but not limited to, mechanic services, transmission repair services and oil changing services in conjunction with and supplementary to a permitted business operation, dry cleaning, and furniture stripping among others. Most of these uses pose a greater threat to the public drinking water supply than would the proposed outdoor vehicle storage land use. The primary difference between outdoor storage and the aforementioned allowable uses is the requirement for pretreatment and the prevalence of variances to the paving requirement for the

outdoor storage land use. For example, while a gas station and car wash have more hazardous product, State and Federal guidelines require secondary containment and monitoring of underground storage tanks, a canopy is required over gas station to reduce runoff, and sand-oil interceptors required at a car wash. The same type of safeguards are not in place to regulate leaking fluids from stored vehicles, particularly if paving is not a requirement

It is important to note, existing outdoor storage is within the WHP Overlay as non-conforming (grandfathered) land uses. These would have occurred as permitted prior to the original ordinance adoption in 1998 or via the expansion on the district in 2010. While these existing grandfathered land uses may remain, the intent of non-conforming land uses is for them to come into compliance over time, cease operation and/or keep from expanding in the future.

While staff is concerned and not in support of the text amendment as presented by the applicant, at a minimum if the City wished to open the area to this land use, staff would recommend the following design standards applicable to all new sites:
1. Any storage/parking area shall be paved with an approved impervious surface; and,
2. Required pre-treatment of stormwater run-off as approved by the City.

At a minimum, requiring an impervious pavement type via a specific design standard would eliminate the ability to receive a variance from the Board of Adjustment as the Board does not have the authority to grant use variances (this would be considered a use variance and not an area variance if paving is required as a design standard). An impervious (not allowing fluid to pass) paving assists in the control of water run-off/contamination and the 2nd design standard would allow that run-off to be pre-treated before discharging into the ground water supply. Gravel, which would be possible via the Board of Adjustment and not allowing pre-treatment of run-off would not sufficiently prevent containments from seeping into the ground water supply.

<u>The Board of Public Works</u>
The Board of Public Works discussed this item at their August 24th, 2020 meeting. After discussion, the Board was not in favor of the amendment as presented by the applicant. While not supportive of the applicant's request, the Board was supportive of allowing this use subject to the design standards outline by staff above (storage on an impervious surface and pre-treatment of stormwater).

### *STAFF RECOMMENDATION*

The text amendment as proposed by the applicant provides underlined sections which indicate additions to the code. The Commission shall conduct a public hearing on the text amendment, deliberate the proposed changes to the zoning code and vote to provide a recommendation to the City Council for their next meeting. The City Council will then conduct a public hearing on October 6th, 2020 on the proposed text amendment, receive the Commission's recommendation and introduce a bill to amend the zoning code to adopt the text amendment. If the Commission recommends denial of the text amendment, the Commission is required to state the reasons for the negative recommendation to the City Council to be included in the record. This item was dutifully advertised for both public hearings (Planning and Zoning Commission and City Council) as required by the City of St. Charles Zoning Ordinance.

After review of the request to amend the current WHP Wellhead Protection District, staff recommends the Planning and Zoning Commission forward a recommendation of **DENIAL** to the City Council of the applicant's proposal. Staff believes this amendment as proposed by the applicant could prove harmful to the City's drinking water supply within the aquifer which the district is supposed to protect. If the Planning and Zoning Commission favors amending the district to allow this land use, the above Design Standards discussed on page 3 and 4 of this report and recommended by staff should be added at a minimum to safeguard the City's current and future potable (drinking) water.

## *Recommended Motion(s):*

*Two (2) motions are provided for the evaluation of the Planning and Zoning Commission:*

1. *Motion to forward a recommendation of approval to the City Council for a text amendment to amend Chapter 400 of the Code of Ordinances by amending §400.320 WHP Wellhead Protection District, specifically to add outdoor storage as an available conditional use as proposed by the applicant (staff recommends against this motion; however, the motion must be in the positive).*

2. *Motion to forward a recommendation of approval to the City Council for a text amendment to amend Chapter 400 of the Code of Ordinances by amending §400.320 WHP Wellhead Protection District, specifically to add outdoor storage as an available conditional use as amended by City Staff (alternative motion is deemed appropriate by the Planning and Zoning Commission).*